UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD WOOD,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>    Defendants. | No.  2:21–cv–1572–TLN–KJN PS<br><br><u>ORDER TO STAY PROCEEDINGS</u><br><br>(ECF No. 14) |

  Plaintiff, who is self-represented, is proceeding in forma pauperis ("IFP") in this excessive force case against the County of Stanislaus; Stanislaus County Sheriff's Department ("SCSD"); and two SCSD deputies involved in the underlying arrest incident, Bret Babbitt and Vukancic Bozidar.[1]  (ECF Nos. 1, 3.)  As instructed by the court, the U.S. Marshal served the County, SCSD, and Babbitt, all of whom waived personal service.  (ECF Nos. 3, 10.)  No waiver was received from defendant Bozidar, and the U.S. Marshal is still in the process of effecting personal service on Bozidar.

  Presently before the court is a joint motion to dismiss by the County, SCSD, and Babbitt, scheduled for hearing on Tuesday, March 8, 2022.  (ECF No. 14.)  Though styled as a

---

[1]  Actions where a party proceeds without counsel are referred to a magistrate judge for all pretrial proceedings, pursuant to E.D. Cal. L.R. 302(c)(21).  <u>See</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

Rule 12(b)(6) motion to dismiss, the moving defendants argue first and foremost that this case should be stayed pending resolution of state-court criminal charges against plaintiff arising from the arrest incident underlying the instant claims.  (ECF No. 14 at 1; ECF No. 14.1 at 2, 4.)  Plaintiff filed an opposition brief, incorrectly styled as a "Reply," in which he "concurs with Defendants that this matter be stayed" pending resolution of the state-court criminal case.  (ECF No. 16 at 2.)  Defendants did not file an optional reply brief.

The court finds this motion appropriate to resolve without appearances and oral argument, and therefore **vacates the March 8, 2022 hearing**.  See E.D. Cal. L.R. 230(g).  For the following reasons, and subject to the following terms, the court GRANTS IN PART the motion to dismiss insofar as it requests a limited stay of proceedings.[2]

**BACKGROUND**

This complaint asserts that defendant SCSD deputies Babbitt and Bozidar used excessive force in arresting plaintiff on the evening of September 1, 2019.  (ECF No. 1 at 5-7.)  A full recitation of the allegations is unnecessary in light of the parties' agreement that a stay is appropriate.  Essentially, plaintiff alleges that Babbitt and Bozidar repeatedly "slammed him" to the ground and placed him in overly-tight handcuffs in a hot patrol car for recording the deputies' apparently warrantless search of his grandmother's car parked on the street.  (Id.)  Plaintiff brings claims of excessive force, in violation of the Fourth Amendment[3] and the California Constitution,

---

[2]  A magistrate judge has the authority to determine a motion to stay as it is a non-dispositive matter.  See SEC v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013); see also PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 13-14 (1st Cir. 2010).  Given that the court is merely granting a stay and denying the remainder of the motion to dismiss without prejudice to renewal, the entire order is non-dispositive and thus does not require findings and recommendations to the assigned district judge.

[3]  Plaintiff's first and second causes of action refer to his "rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution."  (Id. at 5, 10.)  Defendants object that the Fourteenth Amendment is inapplicable to claims of unlawful seizure and use of force.  However, the court understands plaintiff to be invoking the Fourteenth Amendment only in the sense that its Due Process Clause "incorporates" the Fourth Amendment's substantive protections and makes them applicable to the states.  See Moore v. City of Vallejo, 73 F. Supp. 3d 1253, 1257 (E.D. Cal. 2014) (noting that the Fourth Amendment is the proper constitutional basis for § 1983 excessive force claims and that the complaint's mention of the Fourteenth Amendment appeared to be an "unnecessary reference to the incorporation doctrine").

and state-law claims of false arrest, assault and battery, and negligence. (Id. at 4-18.)

As alleged in the complaint and demonstrated by records attached to the motion to dismiss, the deputies arrested plaintiff for resisting, delaying, or obstructing a peace officer; and plaintiff was charged with violation of California Penal Code § 148(a)(1).[4] (Id. ¶ 32; ECF No. 14.2 at 7.) The misdemeanor charges remain pending in a state-court criminal case against plaintiff, People v. Arshad Wood, No. CR-19-010248 (Stanislaus Cty. Super. Ct. filed Oct. 24, 2019). (ECF No. 14.2 at 5.) Rather than proceed to trial in the criminal case, plaintiff agreed to complete a diversion program. (ECF No. 14.2 at 9 (deferring judgment pursuant to Cal. Penal Code § 1001.50, which authorizes pretrial diversion); see ECF No. 16 at 2.) Upon successful completion of the diversion program, the charges are to be dismissed. (ECF No. 14.2 at 9.) According to all, however, that diversion program is not due to be completed until September 9, 2022. (ECF Nos. 14.1 at 3, 16 at 2; see ECF No. 14.2 at 9 (reflecting 9/9/22 as next appearance date).)

The moving defendants seek dismissal on numerous grounds, including insufficient factual allegations, failure to comply with the California Tort Claims Act, and governmental immunity from the state law claims. However, defendants argue as a "threshold matter" that the action should be stayed until the successful dismissal of the criminal charges against plaintiff. (ECF No. 14.1 at 2, 4.) Plaintiff agrees entirely that this action should be stayed, noting his present inability to substantively respond to the motion to dismiss without potentially incriminating himself, should the related criminal charges not be dismissed for some unforeseen reason. (ECF No. 16 at 2.)

///
///
///

---

[4] The court grants defendants' request for judicial notice of Exhibit A, a copy of the docket in the state criminal case, and Exhibit B, a copy of a September 9, 2021 minute order issued by the state court. (ECF No. 14.2 at 5-9.) A court may take judicial notice of proceedings in other courts and their related filings and documents. See Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of docket in state court proceedings); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998).

**DISCUSSION**

Defendants cite both California Government Code § 945.3 and Wallace v. Kato, 549 U.S. 384, 393-94 (2007), in support of their request to stay the action. (ECF No. 14.1 at 4.) Although Section 945.3 does not apply here, the court finds a stay warranted under Wallace.

Government Code § 945.3 generally precludes a person charged with a criminal offense from bringing civil state-law claims related to the charged offense against a peace officer or the officer's employing public entity while the charges are pending before the state court. This would seem to bar plaintiff's state-law claims until resolution of the criminal case, except that Section 945.3 specifically exempts charges (like plaintiff's) that have been diverted:

> For the purposes of this section, charges pending before a superior court <u>do not include</u> appeals or <u>criminal proceedings diverted pursuant to</u> Chapter 2.5 (commencing with Section 1000), Chapter 2.6 (commencing with Section 1000.6), Chapter 2.7 (commencing with Section 1001), Chapter 2.8 (commencing with Section 1001.20), or <u>Chapter 2.9 (commencing with Section 1001.50)</u> of Title 6 of Part 2 of the Penal Code.

Cal. Gov't Code § 945.3 (emphases added).

According to the Superior Court's minute order attached to the motion to dismiss, plaintiff's charges were diverted pursuant to Cal. Penal Code § 1001.50. (ECF No. 14.2 at 9.) Therefore, Section 945.3 does not prevent plaintiff from litigating the present state-law claims against defendants.

Nevertheless, a separate basis exists for staying this action under Wallace v. Kato. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. at 393-94. This is because, if the plaintiff is ultimately convicted and the "stayed civil suit would impugn the conviction," Heck v. Humphrey will require dismissal of the civil suit. Wallace, 549 U.S. at 394; see Heck v. Humphrey, 512, U.S. 477, 486-87 (1994) (holding that to recover damages for unconstitutional conviction or imprisonment, § 1983 plaintiff must prove that conviction or sentence was reversed, expunged, or otherwise invalidated; otherwise, courts must dismiss § 1983 claim if "a judgment

in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence").

Here, the pending criminal charges for violation of California Penal Code § 148(a) (resisting arrest) are related to plaintiff's claims of unjustified and unreasonable seizure and use of force under the Fourth Amendment.  See Ray v. City of Anaheim, 2016 WL 11697079, at *3 (C.D. Cal. Apr. 6, 2016) (coming to same conclusion that pending § 148(a) charge related to Fourth Amendment claims).  Plaintiff also asserts false-arrest claims which necessarily challenge the criminal charges.

In circumstances similar to these except without a diversion option, courts have not hesitated to stay their civil cases pending resolution of the criminal charges.  See id. at *4 (quoting Wallace's acknowledgement of this "common practice"); Monday v. McDonnell, 2015 WL 3970341, at *3 (C.D. Cal. June 30, 2015) (staying action asserting § 1983 and state law claims, pending resolution of criminal charges against plaintiff); Rezek v. City of Tustin, 2012 WL 5829928, at *9 (C.D. Cal. Nov. 15, 2012) ("A district court may stay a civil action until a related criminal case or the likelihood of a criminal case has ended where a plaintiff files a false arrest claim or any other claim related to rulings that will likely be made in a pending or anticipated criminal trial.").

Here, owing to the diversion of plaintiff's criminal charges, there is but a distant prospect of any criminal trial—much less conviction—on the resisting arrest charges.  In all likelihood, plaintiff will complete the diversionary program, and the charges will be dismissed.  This makes it quite unlikely that Heck will require dismissal of the present § 1983 claims.  C.f. Wallace, 549 U.S. at 393-94 (noting common practice to stay civil claims related to rulings likely to be made "in a pending or anticipated criminal trial").  Were plaintiff opposed to the requested stay, therefore, the court would likely allow this civil case to proceed regardless of the pending criminal charges.

However, plaintiff's brief makes it clear that he, too, desires a stay of this action.  Further, it remains possible that plaintiff might not successfully complete the diversionary program as anticipated, or the charges might not be dismissed for some reason—at which point all of the Heck/Wallace concerns would come into play at full force.  Plaintiff asserts no prejudice from

5

delaying the prosecution of this civil suit, explaining that he only filed suit when he did out of concern that the statute of limitations was expiring. (ECF No. 16 at 2.) It also appears that the charges will be resolved within the next six months or so, by early September 2022. Therefore, given the parties' mutual desire to stay the action for a relatively limited period, the court grants the request to stay. See Wallace, 549 U.S. at 393-94.

In granting the requested stay, the court declines to address defendants' alternatively presented arguments for dismissal. The remainder of defendants' motion to dismiss is therefore denied without prejudice to renewal of these arguments upon the lifting of the stay. Even so, many of those arguments are persuasive, and plaintiff would do well to amend the complaint to address as many of the identified defects as he can—once the case resumes.

While the general stay is in effect, defendant Bozidar is still required to enter an appearance within the standard complaint response deadline upon receiving service of process in this case. (No responsive pleading or motion to dismiss shall be due from Bozidar, however, until the stay is lifted.)

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss set for Tuesday, March 8, 2022, is VACATED;
2. Defendants' motion to dismiss (ECF No. 14) is GRANTED IN PART and DENIED IN PART:
    a. As requested within the motion to dismiss, the court hereby STAYS this action pending resolution of plaintiff's criminal charges.
    b. No later than 14 days after the criminal charges are resolved, the parties shall file a Status Report (preferably, a joint status report) notifying the court of such resolution and how the parties intend to proceed. The court then will either set a status conference or make further orders as appropriate.

///
///

   c. The court DENIES the remainder of the motion to dismiss, without prejudice to its renewal following the lifting of the stay, in accordance with the court's further orders.

3. While the stay is in effect, defendant Vukancic Bozidar shall nevertheless enter an appearance within the standard complaint response deadline upon receiving service of process in this case.

Dated: March 1, 2022

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wood.1572