UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD WOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>　　　　　Defendants. | No.  2:21–cv–1572–TLN–KJN PS<br><br>ORDER |

　　　　Plaintiff, who is self-represented, is proceeding in forma pauperis ("IFP") in this excessive force case against the County of Stanislaus; Stanislaus County Sheriff's Department ("SCSD"); and one current and one former deputy of the SCSD, Bret Babbitt and Vukancic Bozidar.  (ECF Nos. 1, 3.)  The County, SCSD, and Babbitt have all waived personal service.  (ECF No. 10.)  On March 1, 2022, the court stayed the proceedings in this case pending resolution of the state-court criminal charges against plaintiff.  (ECF No. 17.)

　　　　As noted by the court in its stay order, service of process is not yet complete for defendant Bozidar, who did not waive service like the other defendants.  On March 11, 2022, a process receipt was filed reflecting that the U.S. Marshal was "unable to locate" defendant Bozidar at the address provided by plaintiff.  (ECF No. 18.)  The USM-285 form plaintiff submitted to the U.S. Marshal lists an address of 250 Hackett Road, Modesto, California, which is the address of the SCSD.  (Id.)  Accordingly, the Marshal attempted to serve (or obtain a waiver for) defendant

1

Bozidar at that address via the SCSD; however, the SCSD and the County declined to accept service for Bozidar because Bozidar is "no longer an employee" of the SCSD. (Id.) Without a current address for Bozidar, the Marshal returned the process receipt as unexecuted due to inability to locate Bozidar.

Therefore, if plaintiff wishes to keep Bozidar as a defendant in this case, he must provide the Marshal with Bozidar's current address information to effect service—or plaintiff may arrange for service to be accomplished by private means (at his own expense). In order to obtain Bozidar's address, plaintiff may wish to seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to:
    a. Send to plaintiff one USM-285 form (with related documents) along with service of this order, and
    b. Serve a copy of this order on the U.S. Marshal;
2. **Within 30 days from the date of this order**, if plaintiff wishes for the U.S. Marshal to re-attempt service on defendant Bozidar, plaintiff shall submit to the U.S. Marshal (501 "I" Street, 5th Floor, Sacramento, CA 95814):
    a. A completed USM-285 form for defendant Bozidar reflecting a current address where Bozidar may be served;
3. **Within 10 days of submitting the USM-285 to the U.S. Marshal**, plaintiff shall file with the court a statement indicating that the document has been submitted;
4. Alternatively, if plaintiff elects to accomplish service on defendant Bozidar by private means, plaintiff shall file with the court a certificate reflecting that such service has been accomplished, or a request for an extension of time to serve, **within 90 days of the date of this order**;

///

///

5. Other than continued efforts to locate and serve defendant Bozidar, the previously ordered stay of proceedings remains in effect. As previously ordered, upon successful service of process, defendant Bozidar shall nevertheless enter an appearance within the standard complaint response deadline notwithstanding the stay.

Dated: March 18, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wood.1572