UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD WOOD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | No. 2:21–cv–1572–TLN–KJN PS<br><br><br><br>ORDER |

On March 1, 2022, the court stayed the proceedings in this case pending resolution of state-court criminal charges against plaintiff.  (ECF No. 17.)  The parties advised that plaintiff's diversion program was due to be completed on September 9, 2022, and that the criminal charges would then be dismissed.  (ECF No. 16.)

Having received no update from the parties since, the court hereby **ORDERS the parties to file a Status Report (preferably, a joint status report) no later than October 31, 2022,** informing the court of the status of the criminal charges and how the parties intend to proceed.

Separately, plaintiff is advised that the U.S. Marshal was unable to serve the final defendant—a former Stanislaus County Sheriff's Department deputy named in the complaint as "Vukancic Bozidar"—despite multiple attempts at the latest address provided.  (ECF Nos. 21, 22.)  Should plaintiff wish to bring Bozidar (whose name may in fact be reversed:  Bozidar Vukancic) into this litigation, he will need to undertake further investigation into Bozidar's

1

whereabouts either on his own or through discovery from the existing defendants.

Although this case remains stayed until further order of the court, **the stay is hereby partially lifted for the very limited purpose** of allowing plaintiff to seek discovery from the existing defendants in order to locate defendant Bozidar, as follows. **No later than October 31, 2022**, the current defendants (the County of Stanislaus, Stanislaus County Sheriff's Department, and Bret Babbitt, who are all jointly represented) shall provide to plaintiff whatever last known address they have (if any) for Vukancic Bozidar / Bozidar Vukancik, given his centrality to this case. See Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring parties to provide each other with, inter alia, known address of individuals likely to have discoverable information).  If they lack such information, they shall so inform plaintiff.  In addition, plaintiff is permitted to propound on each existing defendant a limited number of interrogatories, see Fed. R. Civ. P. 33, related to their knowledge of Bozidar's current whereabouts (and these initial interrogatories shall not count toward the 25-interrogatory maximum).

Should plaintiff—either on his own, or through the above discovery methods—obtain another appropriate service address where Bozidar is reasonably certain to be found, the court will entertain a further request for the U.S. Marshal to attempt to serve him at that address.  (In renewing any such request, plaintiff should explain how he obtained that address and why he believes Bozidar may successfully be served there.)  However, it will likely be more efficient for plaintiff to arrange for further service attempts independently, if he has the means.

As previously ordered, upon successful service of process, defendant Bozidar shall enter an appearance within the standard complaint response deadline notwithstanding the stay.

IT IS SO ORDERED.

Dated:  October 3, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wood.1572

2