UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD WOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF STANISLAUS; STANISLAUS COUNTY SHERIFF'S DEPARTMENT; BRET BABBITT; VUKANCIC BOZIDAR; and DOES 1 to 50,<br><br>    Defendants. | No. 2:21-cv-01572-TLN-KJN<br><br>**ORDER** |

    This matter is before the Court on Defendants County of Stanislaus, Stanislaus County Sheriff's Department, and Bret Babbitt's (collectively, "Defendants") Motion to Strike Plaintiff Arshad Wood's ("Plaintiff") First Amended Complaint. (ECF No. 32.) Plaintiff filed an opposition. (ECF No. 33.) Defendants filed a reply. (ECF No. 35.) For the reasons set forth below, the Court GRANTS Defendants' motion.

    This action arises from alleged violations of state and federal law that took place during Plaintiff's arrest on September 1, 2019. (ECF No. 1.) On September 1, 2021, Plaintiff filed the original *pro se* Complaint. (*Id.*) Defendants filed a motion to dismiss on January 10, 2022. (ECF No. 14.) In the motion, Defendants argued this action should be stayed pending resolution of state court criminal charges against Plaintiff related to the arrest. (ECF No. 14-1 at 4.)

1  Defendants also argued Plaintiff failed to allege viable claims pursuant to Federal Rule of Civil
2  Procedure ("Rule") 12(b)(6).  (*Id.* at 4–11.)  On March 1, 2022, the magistrate judge granted
3  Defendants' motion to dismiss only "insofar as it request[ed] a limited stay of proceedings."
4  (ECF No. 17 at 2.)  The magistrate judge denied the remainder of Defendants' motion to dismiss
5  without prejudice to renewal of those arguments after the stay was lifted.  (*Id.* at 6–7.)  On
6  October 31, 2022, the parties filed a joint status report indicating Plaintiff's state court case had
7  concluded and Plaintiff intended to amend his Complaint.  (ECF No. 27.)  On December 5, 2022,
8  the magistrate judge lifted the stay and ordered Plaintiff to file an amended complaint within 21
9  days of the stay being lifted.  (ECF No. 28.)  Plaintiff, now represented by counsel, filed a First
10 Amended Complaint ("FAC") on January 10, 2023, approximately two weeks after the Court's
11 21-day deadline for filing an amended complaint.  (ECF No. 31.)  Defendants moved to strike the
12 late-filed FAC on January 18, 2023.  (ECF No. 32.)

13     Under Rule 15(a), "[a] party may amend its pleading once as a matter of course" either
14 within 21 days of service, or, if "a responsive pleading is required, 21 days after service of a
15 responsive pleading."  Fed. R. Civ. P. 15(a).  After these deadlines, "a party may amend its
16 pleading only with the opposing party's written consent or the court's leave."  *Id.*

17     In the instant case, Plaintiff acknowledges he inadvertently missed the magistrate judge's
18 deadline for filing the FAC.  (ECF No. 33 at 6.)  However, Plaintiff argues he is permitted to file
19 the FAC as a matter of course under Rule 15(a)(1)(B) or, in the alternative, the Court should grant
20 him leave to file the FAC under Rule 15(a)(2).  (*Id.* at 5–6.)  Both arguments are unavailing.

21     First, Plaintiff fails to persuade the Court that he may file the FAC as a matter of course
22 under Rule 15(a)(1)(B).  Plaintiff argues that his failure to file the FAC within 21 days resulted in
23 the original Complaint taking effect.  (*Id.*)  Plaintiff further argues Defendants have not filed a
24 responsive pleading to the original Complaint, meaning his time to amend as a matter of course
25 has not expired.  (*Id.*)  The Court disagrees.  Defendants *did* file a motion to dismiss the original
26 Complaint, which was served via mail on January 10, 2022.  (ECF No. 14-1 at 3.)  Plaintiff failed
27 to amend as a matter of course within 21 days of being served with the motion to dismiss, and the
28 magistrate judge ultimately ruled on the motion to dismiss and stayed the case on March 1, 2022.

(ECF No. 17.) The Court acknowledges the procedural history of this action is somewhat unusual. However, Plaintiff fails to cite any authority that would allow amendment as a matter course under these circumstances, and a plain reading of Rule 15 suggests Plaintiff's right to do so expired within 21 days of being served with the original motion to dismiss.

Second, Plaintiff fails to persuade the Court that it should grant leave to amend under Rule 15(a)(2). Although both parties raise various arguments regarding why this Court should, or should not, grant leave to file the FAC, such arguments are not properly before the Court at this time. To the extent Plaintiff seeks leave to file an amended complaint, he should file a properly noticed motion under Rule 15 rather than raise these arguments in opposition to Defendant's motion to strike. *See Larry O. Crother, Inc. v. Lexington Ins. Co.*, No. 2:11-CV-00138-MCE, 2011 WL 1084201, at *2 (E.D. Cal. Mar. 21, 2011) ("[I]f an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval") (citation omitted).

For the foregoing reasons, the Court GRANTS Defendants' Motion to Strike the FAC. (ECF No. 32.) The Court strongly encourages the parties to meet and confer regarding the possibility of stipulating to the filing of an amended complaint in the interest of judicial economy. In the event the parties are unwilling to stipulate, Defendants shall file a renewed motion to dismiss or answer the original Complaint within twenty-one (21) days of the electronic filing date of this Order and Plaintiff may file a properly noticed Rule 15 motion if he wishes to seek leave to amend.

IT IS SO ORDERED.

**DATE: April 25, 2023**

_____
Troy L. Nunley
United States District Judge