UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD WOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT; BRET BABBITT; VUKANCIC BOZIDAR; and DOES 1 to 50,<br><br>    Defendants. | No. 2:21-cv-01572-TLN-KJN<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Arshad Wood's ("Plaintiff") Motion for Leave to Amend. (ECF No. 40.) Defendants County of Stanislaus, Stanislaus County Sheriff's Department, Bret Babbitt, and Vukancic Bozidar (collectively, "Defendants") filed an opposition. (ECF No. 43.) Plaintiff filed a reply. (ECF No. 45.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from alleged violations of state and federal law that took place during Plaintiff's arrest on September 1, 2019. (ECF No. 1.) On September 1, 2021, Plaintiff filed the original *pro se* Complaint. (*Id.*) Defendants filed a motion to dismiss on January 10, 2022. (ECF No. 14.) Defendants argued, among other things, that this action should be stayed pending resolution of state court criminal charges against Plaintiff related to the arrest. (ECF No. 14-1 at 4.) On March 1, 2022, the magistrate judge granted the stay. (ECF No. 17.)

On October 31, 2022, the parties filed a joint status report indicating Plaintiff's state court case had concluded and Plaintiff intended to amend his Complaint. (ECF No. 27.) On December 5, 2022, the magistrate judge lifted the stay and ordered Plaintiff to file an amended complaint within 21 days of the stay being lifted. (ECF No. 28.) Plaintiff, now represented by counsel, filed a First Amended Complaint ("FAC") on January 10, 2023, approximately two weeks after the Court's 21-day deadline for filing an amended complaint. (ECF No. 31.)

Defendants moved to strike the late-filed FAC on January 18, 2023. (ECF No. 32.) The Court struck the FAC as untimely and strongly encouraged the parties to meet and confer regarding the possibility of stipulating to the filing of an amended complaint in the interest of judicial economy. (ECF No. 39 at 3.) The parties were unwilling to stipulate, and thus Plaintiff filed the instant motion to amend on May 16, 2023. (ECF No. 40.)

### II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the district court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995)). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted).

**III.     ANALYSIS**

Defendants argue the Court should deny Plaintiff's motion based on: (1) undue delay; (2) futility; and (3) prejudice. (ECF No. 43.) The Court will address each of these factors in turn.

### A.     Undue Delay

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). Even if Plaintiff's delay was unreasonable, however, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

The Court finds Plaintiff did not unreasonably delay seeking leave to amend. Defendants argue the Court should find undue delay because Plaintiff knew the facts added to the FAC before he filed the original Complaint. (ECF No. 43 at 6.) Defendant's argument is unpersuasive. Plaintiff was proceeding *pro se* when he filed the original Complaint, and the Court explicitly gave Plaintiff time to file an amended complaint after the stay was lifted and he had retained counsel. (ECF No. 28.) Plaintiff filed the FAC two weeks after the Court's deadline based on excusable neglect. (*See* ECF No. 33.) Although the Court struck the FAC as untimely and required him to seek a stipulation or leave of Court to file the FAC as a procedural matter, the two-week delay was not unreasonable.

Therefore, the Court finds there is no undue delay.

### B.     Undue Prejudice

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Courts have found proposed amendments prejudicial where leave to amend is requested as a relevant discovery deadline nears or has already passed. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

The Court finds the potential prejudice to Defendants is minimal. This action is still in the early stages of litigation. Defendants argue adding new claims is prejudicial because the claims are not asserted in the original complaint. (ECF No. 43 at 12.) However, "liberality in granting

3

leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Although Defendants argue the new claims have expanded the scope of discovery, "the fact that a defendant must take some additional discovery related to newly asserted claims does not alone demonstrate prejudice or weigh against granting leave to amend given the early stage of the litigation." *Miramontes v. Mills*, No. CV1108603MMMSSX, 2015 WL 13609449, at *4 (C.D. Cal. May 18, 2015).

Accordingly, the Court finds the potential prejudice to Defendants is minimal.

### C. Futility

When an amendment is futile, "there [is] no need to prolong litigation by permitting further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (citation omitted). However, denial of motions to amend on futility grounds is "rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* (citation omitted).

Defendants argue granting Plaintiff leave to file a FAC would be futile because: (1) new claims based on the booking process are time-barred; (2) Plaintiff inadequately alleges his *Monell* claim; (3) the official capacity claims are redundant to claims against local government entities; and (4) the state law claims are improper under the California Government Claims Act. (ECF No. 43 at 6–12.)

Based on the Court's finding that there is no undue delay or prejudice — and absent any evidence of bad faith or prior amendment — the Court declines to deny Plaintiff's motion for leave to amend purely based on futility grounds. *See Rivkin v. J.P. Morgan Chase, N.A.*, No. 2:14-CV-02662-TLN-EFB, 2016 WL 6094485, at *1–2 (E.D. Cal. Oct. 18, 2016) ("[A] court need not deny a plaintiff's motion for leave to amend based on futility alone."). The Court defers addressing Defendants' arguments about the merits of Plaintiff's claims at this stage.

///

4

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Leave to Amend. (ECF No. 40.) Plaintiff shall file his amended complaint not later than 30 days from the electronic filing date of this Order. Defendants' responsive pleading is due not later than twenty-one (21) days after Plaintiff files his amended complaint.

IT IS SO ORDERED.

Date: November 1, 2023

Troy L. Nunley
United States District Judge