UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHAD WOOD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al,<br><br>Defendants. | No. 2:21-cv-01572-TLN-KJN<br><br><br><br>ORDER |

On March 13, 2024, defendants filed a motion to compel plaintiff's initial disclosures and for $425.00 in attorneys' fees. (ECF No. 52.) The motion is set to be heard on April 2, 2024.[1] Under Local Rule 251(e), plaintiff was required to file a response not later than seven days before the hearing date. That deadline has passed, and plaintiff has not filed a response.

For the reasons set forth below, defendants' motion to compel and attorney's fees is GRANTED and the April 2, 2024, hearing is VACATED.[2]

---

[1] Eastern District Local Rule 251(e) provides that when there has been a complete and total failure to respond to a discovery request or order, the aggrieved party may bring a motion for relief for hearing on 14 days notice. It further provides that "[t]he responding party shall file a response thereto not later than seven (7) days before the hearing date." E. Dist. Local Rule 251(e).

[2] Judge Newman retired in February 2024. The undersigned is issuing this order in the interests of judicial economy during the interim period between Judge Newman's retirement and the

I. Background

On September 1, 2021, plaintiff filed this action against defendants alleging civil rights violations. (ECF No. 1.) The case was stayed pending criminal charges which were resolved and the stay lifted. (ECF Nos. 17, 28.) The assigned district judge issued an initial pretrial scheduling order, requiring the parties to engage in the Rule 26(f) conference within sixty days of service of the complaint on the last party. (ECF No. 30 at 2). The parties conducted a Rule 26(f) conference in late January/early February 2024. (ECF No. 52-2 at 1, ¶ 3.)

Plaintiff's counsel rejected a February 14, 2024, date for initial disclosures, and offered March 1, 2024, instead. (Id.) (See also ECF No. 52-2 at 5, email from plaintiff's counsel requesting to provide initial disclosures on March 1, 2024). Defendants' counsel timely served initial disclosures, but plaintiff did not. (Id. at 1, ¶ 3.) When counsel for defendants inquired about the status of the initial disclosures on March 5, 2024, plaintiff indicated he would produce them as "soon as possible." (Id. at 4.) Defendants' counsel requested to have the initial disclosures served by March 8, 2024, but plaintiff's counsel did not respond. (Id. at 2, ¶ 4.) Defendants filed the instant motion on March 13, 2024, and set a hearing for March 26, 2024. (Id.) On the court's own motion, the motion hearing was continued to April 2, 2024. (ECF No. 55.) To date, plaintiff has not filed any response to defendants' motion.

II. Legal Standards

Rule 26(a)(1) sets forth the disclosures that a party must provide without awaiting a discovery request unless exempted, stipulated or ordered by the court. See Fed. R. Civ. P. 26(a)(1). The deadline for such initial disclosures is fourteen days after the parties' Rule 26(f) conference. Fed. R. Civ. Pro. 26(a)(1)(C). Where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

//////

//////

---

incoming magistrate judge's arrival.

III.   Discussion

    A.  Initial Disclosures

The parties conducted a Rule 26(f) conference in late January/early February. (ECF No. 52-2 at 1, at ¶ 3.) In an email dated February 6, 2024, plaintiff's counsel, Anthony Rubio, asked to the extend the initial disclosure deadline to March 1, 2024. (Id. at 5.) Defendants' counsel timely served initial disclosures, but plaintiff did not. (Id., March 5, 2024, email from defendants' counsel stating "my office transmitted Defendants' rule 26 Initial Disclosures already. I was expecting you to do the same.") Plaintiff indicated he would produce initial disclosures as "soon as possible." (Id. at 4.) Defendants requested to have the initial disclosures served by March 8, 2024, but this request was met with silence. (Id. at 2, ¶ 4.) In support of the instant motion, defendants submitted the affidavit of counsel John Whitefleet and emails between Attorney Whitefleet and plaintiff's counsel. (ECF No. 52-2.) These communications demonstrate defendants' good faith attempts to cooperate with plaintiff's counsel to obtain initial disclosures without court involvement. The court will therefore grant the motion to compel plaintiff's required disclosures. <u>Plaintiff shall serve initial disclosures within seven days of this order.</u>

    B. Attorneys' Fees

Where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Further, Local Rule 110 also provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

Defendants' counsel requests attorneys' fees in the amount of $425.00 for counsel's time spent on tasks related to the motion. He avers that he spent 1.7 hours preparing this motion at requested rate of $250 an hour. (See ECF No. 52-2 at 2, ¶ 6.) Again, plaintiff did not respond to defendant's efforts to resolve this issue without court involvement. Plaintiff's failure to timely provide initial disclosures caused defendants to file the instant motion and incur fees as a result.

Although Local Rule 251 required plaintiff to file a response to the motion to compel, plaintiff did not file a response to the motion. Therefore, plaintiff had the opportunity to be heard regarding defendant's request for sanctions.

The court finds defendant is entitled to attorneys' fees and finds the requested amount to be reasonable. <u>Within twenty-eight days of the date of this order, plaintiff shall pay $425.00 to defendants.</u>

**ORDER**

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to compel and request for sanctions, ECF No. 52, is GRANTED;

   a. Within seven days of the date of this order, plaintiff shall serve complete initial disclosures required by Fed. R. Civ. P. 26(a)(1);

   b. Within twenty-eight days of the date of this order, plaintiff shall pay $425.00 to defendants; and

2. The motion hearing currently set for April 2, 2024, at 10:00 a.m. is hereby VACATED.

Dated: March 27, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

wood.1572