UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARSHAD WOOD,

Plaintiff,

v.

COUNTY OF STANISLAUS, et al.,

Defendants.

No. 2:21-cv-01572-TLN-CSK

**ORDER**

This matter is before the Court on Defendants County of Stanislaus and Stanislaus County Sheriff's Department's (the "Sheriff's Department") (collectively, "Defendants") Motion for Summary Judgment.[1] (ECF No. 63.) Plaintiff Arshad Wood ("Plaintiff") has filed an opposition. (ECF No. 66.) Defendants have filed a reply. (ECF No. 69.) For the reasons set forth below, Defendants' motion is GRANTED.

///

///

///

///

///

[1] Bret Babbitt ("Babbitt") and Vukancic Bozidar ("Bozidar") are also named defendants in this action, but do not join in the instant motion.

## I. Factual and Procedural Background

The instant action arises from an incident on September 1, 2019, in which Plaintiff alleges Defendants subjected him to excessive force, unlawful detention and arrest, unlawful search and seizure, and unlawful denial of medical care. The Court will first set forth undisputed facts relevant to resolving the instant motion and then provide a brief procedural history of the case.

### A. Defendants' Undisputed Facts[2]

On September 1, 2019, the Sheriff's Department had adopted a Use of Force policy, which required all deputies to use only force that is reasonable under the circumstances. (DSUF ¶ 1.) At that time, the Sheriff's Department also adopted policies on detentions and arrests, which required all deputies to have reasonable suspicion to detain and probable cause to arrest, respectively. (*Id.* ¶¶ 2, 3.)

On September 1, 2019, the Sheriff's Department followed and adhered to the requirements of the California Peace Officer Standards and Training ("POST"). (*Id.* ¶ 4.) This required all deputies, including Babbitt and Vukancic, to train through an initial academy and attend biannual trainings, including 24 or more hours of Continuing Professional Training ("CPT") for peace officers. (*Id.* ¶ 5.) Both the academy and CPT include training on Perishable Skills and Communications, which includes the use of force, whether alternative methods of detention/arrest are available, communications, and de-escalation techniques. (*Id.* ¶ 6.)

As of September 1, 2019, the Sheriff's Department had adopted internal investigation and discipline processes for deputies. (*Id.* ¶ 7.) At that time, the Sheriff's Department had also adopted ethical standards and an internal investigation process by which if any deputy was found to have violated the Department's policies, including violating the policies on use of force, ethics, detention, or arrests, the deputy was subject to discipline. (*Id.* ¶ 8.)

### B. Procedural History

Plaintiff filed this action on September 1, 2021. (ECF No. 1.) Plaintiff filed the operative Second Amended Complaint ("SAC") on September 26, 2024, which alleges numerous claims

---

[2] Defendants set forth the following undisputed facts, to which Plaintiff did not provide any response. (ECF No. 63-2, Defs.' Statement of Undisputed Facts ("DSUF").)

under 42 U.S.C. § 1983 (“§ 1983”) and California law. (ECF No. 63.) Relevant to the instant motion, Plaintiff's seventh claim alleges a § 1983 claim for *Monell* municipal liability based on an unconstitutional custom, practice, and policy, Plaintiff's eighth claim alleges a § 1983 claim for *Monell* municipal liability based on failure to train, supervise, and discipline, and Plaintiff's ninth claim alleges a § 1983 claim for *Monell* municipal liability based on ratification. (*Id.* at 29–45.) On December 2, 2025, Defendants filed a motion for summary judgment as to these *Monell* claims. (ECF No. 63.)

## II. STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion and identifying those portions of “the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any,” that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). “[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file.” *Id*. at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make “a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.” *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (*Matsushita*), 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material,

*i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Federal Rule of Civil Procedure ("Rule") 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587.

## III. ANALYSIS

Defendants move for summary judgment as to Plaintiff's *Monell* claims, arguing Plaintiff has no evidence to establish any theory of liability. (ECF No. 63-1 at 4–7.) According to Defendants, Plaintiff has no evidence to establish the alleged use-of-force incident was caused by their policies, that deputies engaged in a pattern or practice of excessive force or failing to investigate complaints, or that a final policymaker ratified deputy misconduct. (*Id.*)

In opposition, Plaintiff contends that under Rule 56(d), summary judgment is premature and improper because the full-body camera and booking-room video of the incidents at issue is in Defendants' exclusive control and not been produced in discovery.[3] (ECF No. 66-1 at 5.) Plaintiff asserts the Court should deny the motion as premature or continue and require Defendants to produce all video footage and internal investigative materials before any summary judgment ruling. (*Id.*) Plaintiff maintains that he has raised triable issues on *Monell* liability, as the SAC's allegations directly challenge whether Defendants' actual practices comport with their written policies and Defendants' refusal to disclose the video and investigative files supports a reasonable inference of ratification and deliberate indifference.[4] (*Id.* at 6.)

In reply, Defendants emphasize that Plaintiff fails to substantively oppose the motion for summary judgment. (ECF No. 69 at 2.) Defendants argue there are numerous reasons to deny Plaintiff's Rule 56(d) motion, namely that: Plaintiff fails to comply with Rule 56(d) requirements as he did not show "by affidavit or declaration" that he cannot present facts essential to justify his position; the instant motion for summary judgment was filed in accordance with the Court's Initial Pretrial Scheduling Order that was issued more than three years ago and Plaintiff cannot complain of a lack of opportunity to conduct discovery; and Plaintiff fails to establish he "diligently" conducted discovery seeking any information to oppose the motion. (*Id.* at 3–4.)

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it[.]" Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir. 2004) (citation omitted). "The burden is

---

[3] The Court construes Plaintiff's opposition as a Rule 56(d) motion.

[4] Plaintiff also raises arguments about a subsequent arrest, dismissed charges, and jury pool prejudice. (ECF No. 66 at 4.) The Court declines to address these arguments as Plaintiff does not adequately explain how they relate to the instant motion.

on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). A court may deny "further discovery if the movant has failed diligently to pursue discovery in the past." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

Plaintiff fails to meet his burden under Rule 56(d). Plaintiff provides the declaration of his counsel, Anthony Rubio ("Rubio"). (ECF No. 66-2.) Rubio avers that in "the more than year-long period leading up to Defendants' motion, defense counsel made no meaningful contact with [him] to schedule depositions, discuss discovery, or advise [him] that a dispositive motion would be forthcoming." (*Id.* at 2.) Rubio further states:

> Defendants have consistently failed to produce the most critical evidence in this case: body-worn camera footage and booking-room surveillance video. Defendants themselves have publicly acknowledged that such video exists and would "show whether or not we did or didn't use excessive force," yet they have not produced that video in discovery. . . . Specifically, as stated in a September 5, 2019 article discussing the incident, Police Chief Marc Nuno was quoted as stating, in reference to the use-of-force incidents: "Fortunately we have the body cameras that will show whether we did or didn't use excessive force. We will hold our people accountable if we found out excessive force is used." . . . More than five years later, despite that assurance, the full video footage of the incident and the booking-room sequence — which is central to Plaintiff's claims — has not been produced to Plaintiff or his counsel.

(*Id.* at 3.) Rubio concludes by noting that he is "serving renewed written discovery, including formal requests for production of all body-worn camera footage and booking-room surveillance video, as well as internal investigative records relating to the incident." (*Id.* at 4.) Plaintiff fails in his opposition and in Rubio's declaration to establish how any of the missing video footage or internal records would be relevant to opposing summary judgment on Plaintiff's *Monell* claims. This is fatal to his Rule 56(d) motion. *Chance*, 242 F.3d at 1161 n.6. Accordingly, Plaintiff's motion is denied.

The Court further denies Plaintiff's Rule 56(d) motion on the ground that Plaintiff failed to move diligently to pursue discovery. *Cal. Union Ins. Co.*, 914 F.2d at 1278. Indeed, the Court issued its Initial Pretrial Scheduling Order on December 5, 2022 (ECF No. 30), approximately

three years prior to the date of the instant motion. The Order provides that discovery shall be completed no later than two hundred forty days from the date upon which the last answer may be filed with the Court. (ECF No. 30 at 2.) The SAC was filed on September 26, 2024, and the Court ordered Defendants to file an answer by October 17, 2024. (*See* ECF Nos. 60–62.) Discovery therefore closed on June 14, 2025. Rubio's declaration fails to explain why or how he is only now serving renewed written discovery and formal requests for production. It further fails to explain why Rubio could not have served those requests or filed a motion to compel under Rule 37 in the several years preceding this motion. Defendants' counsel provides a declaration with Defendants' reply, in which he avers that "with the exception of one set of some limited special interrogatories propounded on February 8, 2023 . . . [his] office has not received any written discovery from Plaintiff, nor any notice for depositions, at any time." (ECF No. 69-1 at 2.) The Court sees no reason not to believe Defendants' counsel's representation as it does not conflict with Plaintiff's counsel's account.

The Court further agrees with Defendants that Plaintiff largely fails to address the substance of Defendants' arguments in support of their motion for summary judgment. (ECF No. 69 at 2.) As stated above, Plaintiff's only substantive argument in opposition is that allegations in the SAC create a triable issue of material fact as to whether Defendants' actual practices comport with their written policies and Defendants' refusal to disclose the video and internal files supports a reasonable inference of ratification and deliberate indifference. (ECF No. 66-1 at 5–6.) However, Plaintiff cannot defeat summary judgment by pointing to allegations in the SAC. Plaintiff must go beyond the pleadings and cite to evidence setting forth specific facts establishing a genuine issue of material fact to be resolved at trial. *See Far Out Productions, Inc. v. Oskar*, 997 (9th Cir. 2001) ("Instead, the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial.'" (citation omitted)); *Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003) ("Hernandez's conclusory allegations, unsupported by facts, are insufficient to survive a motion for summary judgment."). Accordingly, because Plaintiff fails to establish a genuine issue of material fact, the Court GRANTS Defendants' motion. *Matsushita*, 475 U.S. at 585–87.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion for Summary Judgment as to Plaintiff's Claims Seven through Nine. (ECF No. 63.) The parties are hereby ORDERED to file a Joint Notice of Trial Readiness within thirty (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial on the remaining claims and proposing trial dates.

IT IS SO ORDERED.

DATED: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE